*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0459**

Derek David Udovich, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed December 12, 2016
Affirmed
Peterson, Judge**

St. Louis County District Court
File No. 69VI-CV-15-678

Gordon C. Pineo, Deal and Pineo, Virginia, Minnesota (for appellant)

Lori Swanson, Attorney General, Cory B. Monnens, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from an order sustaining the revocation of his driver's license, appellant argues that the implied-consent law violates his substantive-due-process rights and his right to be free from unreasonable searches. We affirm.

**FACTS**

On September 20, 2015, Deputy Blair Twaddle, a new deputy with the St. Louis County Sheriff's Department, was on duty under the supervision of his field-training officer, Deputy Brett Lucas. After observing indicia of alcohol consumption and administering a series of field sobriety tests and a preliminary breath test, Twaddle arrested appellant Derek David Udovich for driving while impaired (DWI).

At the sheriff's office, Twaddle read Udovich the implied-consent advisory. Udovich indicated that he understood the advisory, did not wish to talk to an attorney, and would take a breath test. Twaddle originally offered Udovich a choice of blood, breath, or urine testing, but Lucas directed Twaddle to offer only a breath test in accordance with departmental policy. Both deputies testified that Udovich consented to the breath test, although Udovich did not respond orally on the audio recording. The results of the breath test showed an alcohol concentration of 0.13.

Udovich was charged with misdemeanor DWI, and respondent Commissioner of Public Safety revoked his driver's license. Udovich petitioned for rescission of the license revocation. A combined Rasmussen and implied-consent hearing was held on December 4, 2015, at which Twaddle, Lucas, and Udovich testified. On January 13, 2016, the district court issued an order sustaining the license revocation. Udovich filed a notice of appeal.

**D E C I S I O N**

**I.**

Udovich raises two substantive-due-process claims: (1) he was told that refusal to test is a crime, which he asserts was "of dubious constitutionality" because the United

2

States Supreme Court granted certiorari in *State v. Bernard*, 859 N.W.2d 762 (Minn. 2015), *aff'd sub nom. Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), and could potentially reverse the Minnesota Supreme Court's opinion that the Minnesota test-refusal law is constitutional; and (2) he was misled by the implied-consent advisory because he was told that he was "required" to submit to testing without being told that he had the right to refuse testing.[1] This court reviews substantive-due-process claims de novo as questions of law. *State v. Trahan*, 870 N.W.2d 396, 403 (Minn. App. 2015), *aff'd* ___N.W.2d ___ (Minn. Oct. 12, 2016).

As to his first claim, the Supreme Court affirmed the Minnesota Supreme Court's decision in *Bernard*, holding that a breath test is a reasonable search incident to arrest and that Bernard had no right to refuse a breath test. *Birchfield*, 136 S. Ct. at 2185-86. Based on *Birchfield*, Udovich's first substantive-due-process claim is without merit.

Udovich also argues that his substantive-due-process rights were violated because he was not advised of his right to refuse testing. "[S]ubstantive due process protects individuals from certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *State v. Wiseman*, 816 N.W.2d 689, 692 (Minn. App. 2012) (quotations omitted), *review denied* (Minn. Sept. 25, 2012), *cert. denied*, 133 S. Ct. 1585 (2013), *abrogated in part by Missouri v. McNeely*, 133 S. Ct. 1552 (2013). In the context of DWI law, a peace officer may not "mislead individuals with respect to their obligation to undergo blood alcohol testing." *McDonnell v. Comm'r of*

---

[1] Udovich also raised an Equal Protection claim on appeal, but waived this issue at oral argument before this court.

3

*Pub. Safety*, 473 N.W.2d 848, 853 (Minn. 1991). But peace officers are not required to inform suspects of "all the possible consequences they could face in refusing a breath test." *Id.* (citing *South Dakota v. Neville*, 459 U.S. 553, 103 S. Ct. 916 (1983)). This court reviewed whether the implied-consent advisory offends substantive due process in *Poeschel v. Comm'r of Pub. Safety*, 871 N.W.2d 39, 47 (Minn. App. 2015), and concluded that a driver's due-process rights are not violated when a summary, albeit incomplete, statement of the law is accurate, the driver's right to counsel is vindicated, and the driver consents to the test. *Id.*

Similarly, in *State v. Brooks*, 838 N.W.2d 563, 572 (Minn. 2013), the supreme court concluded that the implied-consent advisory "made clear to [a driver] that he had a choice of whether to submit to testing." Deputy Twaddle read the implied-consent advisory to Udovich, including the language stating that refusal is a crime, which suggests that a person may refuse, advised Udovich that he could contact an attorney, which he declined to do, and noted that Udovich consented to the breath test. This procedure was accurate and Udovich was not misled as to the law. We, therefore, conclude that Udovich was not deprived of his substantive-due-process rights.

## II.

Udovich argues that the breath test "was an unconstitutional warrantless search and seizure." The Minnesota Supreme Court held in *Brooks* that no warrant is required for chemical testing in the context of DWI law when the suspect "freely and voluntarily consent[s]" to testing. *Id.* at 568. The state is required to show consent by a preponderance of evidence, based on the totality of circumstances. *Id.* The supreme court concluded that

4

Brooks had voluntarily consented because he was offered the opportunity to consult with counsel, police read the implied-consent advisory, and no other coercive conduct was involved. *Id.* at 571-72. Udovich was offered the opportunity to contact an attorney, indicated that he understood the implied-consent advisory, and consented to the breath test. Based on this record, no warrant was required because Udovich consented to the breath test.

Notwithstanding the fact that Udovich consented to the breath test, the *Birchfield* opinion confirms that "the Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving." 136 S. Ct. at 2184. Udovich's consensual breath test was not an unreasonable search and did not violate the Fourth Amendment.

**Affirmed.**